**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * * * | |
| | * | NO: 4:03CR00153   SWW |
| VS. | * | NO: 4:07CV01186 SWW |
| | * | |
| ERIC LAMONT WILLIAMS | * * * * * | |

**ORDER**

Before the Court is Petitioner Eric Lamont Williams' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry #228) and the Government's response in opposition (docket entry #234).  After careful consideration, the Court finds that the motion should be and hereby is denied.[1]  Also before the Court is Williams' motion for summary judgment (docket entry #237) motion to be released on his own recognizance (docket entry #235).  These motions are denied.

**I.  Background**

On September 13, 2004, a jury found Williams guilty of conspiracy to possess with intent to distribute less than 50 kilograms of marijuana (Count 1); conspiracy to possess with intent to

---

[1]Because the record conclusively shows that Williams is not entitled to relief, the Court decides his motion without conducting an evidentiary hearing.  *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)(citations omitted)(holding that a petition under § 2255 can be dismissed without a hearing if the petitioner's  allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

distribute more than 5 grams of crack cocaine (Count 2); aiding and abetting the possession with intent to distribute more than 5 grams of crack cocaine (Count 5); and aiding and abetting the possession with intent to distribute less than 50 kilograms of marijuana (Count 6).

On December 16, 2004, the late Honorable Judge George Howard, Jr. sentenced Williams to 120 months' imprisonment on each of the marijuana counts and 240 months' imprisonment on each of the crack cocaine counts, all terms of imprisonment to run concurrently. Williams appealed, arguing that Judge Howard erred in (1) denying his motion to suppress statements, (2) denying his motion to sever his trial from that of his co-defendants, and (3) allowing the government to amend the indictment at trial. *United States v. Williams*, 429 F.3d 767 (8th Cir. 2005). Williams did not challenge his sentence on direct appeal.

The Eighth Circuit found no grounds for reversal with respect to Williams' suppression and severance arguments, but the Court agreed that the indicting language set forth in Count 5 was insufficient.[2] During trial, the Government discovered that Count 5 contained no allegation that Williams' possession of crack cocaine was with intent to distribute, an essential element of the offense under 18 U.S.C. § 841(a)(1). Judge Howard found that the omission was a mere typographical error, and he allowed the Government to amend the indictment.

The Eighth Circuit held that the failure to allege the elements of the offense in the indictment could not be cured by an amendment, and the Court reversed Williams' conviction on Count 5. However, the Eighth Circuit affirmed the judgments of conviction with respect to Counts 1, 2, and 6.

---

[2]The Eighth Circuit made the same ruling with respect to Count 4, which charged Williams' co-defendant Gregory Caldwell with possession of crack cocaine.

On remand, Judge Howard vacated Williams' conviction on Count 5, reduced the special assessment imposed under the original sentence, and left the 240-month prison term intact. Williams appealed, arguing that the Court denied him allocution under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). *See United States v. Williams*, 237 F. Appx. 117 (8th Cir. 2007). The Eighth Circuit concluded that even if Williams had a right to allocution on resentencing, Judge Howard substantially complied with Rule 32(i)(4)(A)(ii). *Id*.

## II. Grounds for Relief Asserted in Petition

In support of his petition, Williams asserts the following claims: (1) his conviction was obtained in violation of the protection against double jeopardy; (2) Judge Howard failed to correct his sentence on remand; (3) his conviction was obtained by the use of evidence gained through an unconstitutional search and seizure; (4) his conviction was obtained in violation of his right against self-incrimination; (5) his conviction was obtained in violation of the Confrontation Clause; (6) his conviction was obtained in violation of the rule against hearsay; and (7) he was denied effective assistance of counsel.

1.

For his first claim, Williams charges that the indictment against him was defective "by a violation of the protection against double jeopardy" because it "is open- ended as to the duration of its allegation for conspiracy." This claim was not raised on direct appeal. "'Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate cause and prejudice, or that he is actually innocent.'" *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005)(quoting *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998)).

Williams does not claim actual innocence.  He does, however, state that his claim was not raised by counsel on direct appeal "due to the misconstruing of legitimate issues and the giving of erroneous legal advice."  Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice.  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).   However, to establish ineffective assistance of counsel within the context of section 2255, Williams must prove (1) deficient performance--that his counsel's representation fell below an objective standard of reasonableness;  and (2) prejudice--that but for counsel's unprofessional errors, the result of the proceeding would be different.  *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984).

The Court need not decide whether counsel's failure to raise a double jeopardy argument constituted ineffective assistance of counsel because that failure did not prejudice Williams.  "An indictment is sufficient 'if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.'" *U.S. v. Summers,*  137 F.3d 597, 601 (8th Cir. 1998)(quoting *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir.1993), *cert. denied*, 513 U.S. 831, 115 S.Ct. 105 (1994)).

Here, the conspiracy counts against Williams charged that "in or about October, 2002" Williams and others conspired with each other to possess with the intent to distribute and to distribute marijuana (Count 1) and crack cocaine (Count 2).  The indicting language contained the essential elements of a drug conspiracy: a conspiracy or agreement among two or more people, including the defendant, with the purpose of engaging in one or more criminal acts.  *See U.S. v. Aranda*, 963 F.2d 211, 214 n.3 (8th Cir. 1992).  Despite the lack of specificity as to the

beginning and ending dates of the conspiracy, the alleged time of the conspiracy, "in or about October 2002," was sufficient to notify Williams of the charges against him and to allow him to plead the defense of double jeopardy as a bar to future prosecution.

2.

Williams claims that Judge Howard failed to correct his sentence on remand. He states: "The movant was sentenced to two concurrent sentences. The Court of Appeals vacated Count (5) for being defective. The District Court denied mitigation of movant and refused to correct the sentence on April 6, 2006 remand."

Under the "sentence package" rule, a district court can modify on remand a sentence imposed on a multi-count conviction when the defendant has succeeded in challenging less than all of the counts of conviction on appeal. *See United States v. McKnight*, 17 F.3d 1139, 1144- 46 n. 8 (8th Cir. 1994)(opinion of Lay, J., not joined by Magill & Hansen, JJ.), *cert. denied*, 513 U.S. 907, 115 S.Ct. 275 (1994). In this case, however, vacating Williams' conviction on Count 5, which ran concurrently with his other terms of imprisonment, had no effect on the length of his prison term. Furthermore, Williams failed to raise this claim on direct appeal after resentencing, and he alleges no facts that would excuse his default.

3.

Williams claims that his conviction was obtained by the use evidence gained pursuant to an unconstitutional search and seizure because "government agents used state law and usurped the facts and findings of information related to a Federal Magistrate determination." Williams did not present this claim on direct review, and he is unable to establish a reasonable probability that his sentence would have been different if counsel had moved for suppression of evidence

based on an unreasonable search and seizure.

Williams apparently believes that DEA agents who were surveilling him in October 2002 improperly used local law enforcement assistance in connection with a vehicle stop and search that led to his arrest and indictment.[3]  However, Williams alleges no facts indicating that local officers transgressed the Fourth Amendment, and the use of local officers, without more, did not render the traffic stop and search unconstitutional.  Furthermore, Williams' allegation that agents "usurped the facts and findings of information related to a Federal Magistrate determination" is not supported by the record and, even if true, provides no basis for an unreasonable search and seizure claim.

4.

Williams charges that he was convicted in violation of his privilege against self incrimination because "government agents testified during trial as to post-arrest statements made

---

[3]DEA agents who were surveilling Williams in October 2002 observed suspicious activity involving Williams and other occupants of a green Ford Focus. *See Williams v. United States*, 429 F.3d 767, 770 (8th Cir. 2005).  A member of the DEA team made a radio request that the Focus be stopped if probable cause could be established, and a local police officer stopped the car for traffic violations.  *Id*.  Officers called for a drug dog, which alerted to two locations on the car.  Marijuana and crack cocaine were found, and one of the occupants of the vehicle, Gregory Caldwell, was arrested.  *Id*.

Based on statements Caldwell made after his arrest, police obtained a search warrant for a hotel room.  *Id*.  Upon execution of the warrant, officers uncovered crack cocaine, marijuana, and a California driver's license for Eric Williams.  *Id*.  While the search was in progress, Williams arrived in a car driven by Aaron Dancy.  *Id*.  Marijuana was found in a backpack in the car, and Williams and Dancy were arrested.  *Id*.  Williams and Dancy gave statements, and Caldwell gave a second statement.  *Id*.  Williams, Caldwell, and Dancy were indicted on conspiracy and drug possession charges, commencing this criminal case.

Caldwell moved to suppress the evidence taken from the green Ford Focus.  *Id*. at 771.  The district court denied the motion, and the Eighth Circuit affirmed.  *Id*. at 772.

by [Williams] who did not take the stand."

Prior to trial, Williams' counsel moved to suppress his post-arrest statement on grounds that he was improperly advised of his rights under *Miranda*,[4] there was no written waiver of is rights, he did not sign his statement, the statement was not tape-recorded, and the statement was not an accurate rendition of what he actually said. Judge Howard denied the motion to suppress, finding that Williams had been properly *Mirandized* before making his statement. On appeal, the Eighth Circuit found "no evidence in the record upon which to disturb [Judge Howard's] finding." *Williams*, 429 F.3d at 772.

"Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)(citation omitted). This rule is applicable here and requires dismissal of Williams' claim that testimony regarding his statement violated his privilege against self incrimination.

5.

Williams claims that his conviction was obtained in violation of his right to confrontation because "the government was put on notice in advance of trial for production of government informants" and DEA agent Kelvin Sergeant "testified to statements made to him by unknown source(s)." Williams did not raise this claim on appeal, and he claims that his failure to do so was the result of ineffective assistance of counsel.

---

[4] In *Miranda v. Arizona*, 384 U.S. 436, 467-70, 86 S.Ct. 1602 (1966), the Supreme Court held that, prior to initiating a custodial interrogation, the police must protect a suspect's Fifth Amendment privilege against self-incrimination by warning him that the State intends to use any statements to secure a conviction and that he has the right to remain silent and to have counsel present. Once advised of those rights, the suspect may waive them, "provided the waiver is made voluntarily, knowingly and intelligently." *Miranda*, 384 U.S. at 444, 86 S.Ct. 1602.

At trial, Sergeant testified that he received information that led him to establish surveillance on Williams. *See* docket entry #161, Tr. Vol. 1, at 104. Generally, if an informant is a tipster, who merely provides information without witnessing or participating in the drug transaction, disclosure of the informant's identity is not required. *See United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006). Furthermore, given the overwhelming evidence against Williams,[5] he cannot show that identification of the informant would have been helpful in his case. A violation of the Confrontation Clause is subject to harmless error analysis, and when evidence of a defendant's guilt is overwhelming, confrontation clause violations through the admission of hearsay statements are harmless beyond a reasonable doubt. *See United States v. Wells*, 347 F.3d 280, 290 (8th Cir. 2003)(citations omitted).

---

[5]In his first direct appeal, Williams argued his Sixth Amendment right to confront the witnesses against him were violated by the admission of Gregory Caldwell's statements. The Eighth Circuit held that, even assuming a Confrontation Clause error occurred, given the overwhelming evidence against Williams, admitting Caldwell's statements was harmless beyond a reasonable doubt. The Eighth Circuit stated:

> The independent evidence against Williams, including his own statement, was so overwhelming as to render any such error harmless beyond a reasonable doubt. The DEA was acting on information that Williams carried drugs into Arkansas. DEA agents saw him at a business on Myrtle Street where the activity was indicative of possible drug trafficking; they saw him at the residence next door where his activity was consistent with drug trafficking; he met with Caldwell at that residence and was observed giving him a package; he and Caldwell entered room 127 at the Horizon Inn together, the room in which Williams's driver's license, crack cocaine, and other drug paraphernalia were found; Caldwell and Williams left room 127 together and Williams handed a package to the front seat passenger before entering Caldwell's car and leaving the hotel grounds; and when Caldwell was stopped shortly thereafter, marijuana and crack cocaine were found in his car. Moreover, Williams himself admitted that he had been involved in crack cocaine and marijuana trafficking for many years.

*United States v. Williams*, 429 F.3d 767, 774 (8th Cir. 2005).

In sum, the Court finds that Williams' failure to raise this claim on appeal cannot be excused because he is unable to show prejudice.

6.

Williams claims that his conviction was obtained in violation of the hearsay rule. He states that the "District Attorney" went outside the record and allowed a DEA agent to draft a report during trial "as to Phillip Hydron's observations." Williams states: "The contents of the original report, that was not itself introduced into evidence, was requested in advance of trial."

At trial, Phillip Hydron testified that on October 25, 2002, he was assigned to DEA drug task force, and he participated in the surveillance of Williams. *See* docket entry #161, Tr. Vol. II, at 224. Hydron gave testimony as to his observations during his surveillance of Williams. He testified that during his surveillance, he reported his observations to other agents on the surveillance team via radio, and he stated that he may have recorded his observations on the back of an "operational plan." *Id*. at 244-45. Hydron testified that he didn't keep a copy of the "operational plan," and he didn't remember what he did with it. He testified: "We turn that in to the case agent or we just tell them what we saw so they can do the surveillance report." *Id*. at 245. Hydron acknowledged that his observations did not appear in the official surveillance report. *Id*.

DEA agent Harry Cooper, who was also a member of the surveillance team, testified immediately after Hydron. Cooper testified that he drafted the surveillance report and that Hydron's observations were not recorded in the report. *Id*. at 260-61. At no point did Cooper testify as to Hydron's observations, nor did he "draft a report during trial."

Like most of the claims asserted in the petition, Williams' hearsay claim was not raised

9

on direct appeal, and he is unable to show that counsel's failure to object to non-existent hearsay testimony prejudiced him.

7.

In support of his ineffective assistance of counsel claim, Williams alleges: "The counsel has not been dedicated to his obligations completely. He has, on numerous occasions, caused a conflict of interest concerning the legality of issues the movant wished to address or actions the movant wished to pursue." Docket entry #228, at 5. As explained in connection with Williams' other claims for relief, he is unable to show prejudice regarding his counsel's failure to pursue any claims or issues presented in his petition. Because Williams is unable to show prejudice, his ineffective assistance of counsel claim will be dismissed.

### III. Additional Grounds for Relief Asserted in Supplemental Motions

On February 11, 2008, Williams filed a motion for conditional release on his own recognizance (docket entry #235), and on February 25, 2008, he filed a motion for summary judgment (docket entry #237), to which the United States has responded (docket entry #238). In these recent filings, Williams asserts three additional claims, which were not raised on direct appeal. The Court will address each claim.

First, in his motion for summary judgment, Williams claims that he received multiple punishments for the same crime, stating as follows:

> [Counsel] never filed a motion in pre-trial stages to dismiss the allegations of the indictment. Count 1 and Count 2 rest precisely on the same factual predicate of the offenses in Count 5 and Count 6, dated October 25, 2002. This is an obvious Fifth Amendment violation under the Double Jeopardy Clause, that leads to the imposition of multiple punishments for the same crime.

Docket entry #237, at 2 (citation omitted).

The Double Jeopardy Clause protects against a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 306, 104 S. Ct. 1805, 1812 (1984). The test for determining whether multiple offenses are the same for double jeopardy purposes is to determine whether each provision requires proof of a fact which the others do not. *See United States v. Good Bird,* 197 F.3d 1203, 1204 (8th Cir. 1999)(citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180 (1932); *United States v. Bennett,* 44 F.3d 1364, 1373 (8th Cir.1995), *cert. denied*, 515 U.S. 1123, 1145, 115 S.Ct. 2279 (1995).

The indictment charged Williams with (1) conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; (2) conspiracy to possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 846; (3) possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1);[6] and (4) possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).

To support a conviction for possession with intent to distribute, the government must prove beyond a reasonable doubt that the defendant knowingly possessed and intended to distribute an illegal drug. *See United States v. Frayer*, 9 F.3d 1367, 1373 n.3 (8th Cir. 1993)(citing *United States v. Cortez*, 935 F.2d 135, 143 (8th Cir.1991)). But to convict a defendant of conspiracy to distribute under 21 U.S.C. § 846, the government must prove an agreement between two or more people, including the defendant, for the purpose of engaging in

---

[6]As previously explained, Williams successfully argued on direct appeal that the indictment omitted an essential element of this crime.

distribution of drugs. *Id*.(citing *United States v. Aranda*, 963 F.2d 211, 214 n. 3 (8th Cir.1992). Each crime for which Williams was convicted required an element of proof that the others did not. The Court finds that Williams' claim is meritless, and counsel's failure to raise it did not prejudice him.

Second, Williams argues that his Sixth Amendment right to trial by jury was violated because his prior convictions and drug quantities were not charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. Williams' argument regarding his prior convictions "was squarely rejected in *Booker*, in which the Court expressly confirmed the continuing validity of its holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), that the fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt." *United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005).

As for Williams' claim regarding drug quantities, the quantities were alleged in the indictment, and the jury found that Government proved those quantities beyond a reasonable doubt. *See* docket entry #115 (Jury Verdicts). Furthermore, Judge Howard imposed penalties based on the amounts alleged in the indictment and submitted to the jury. *See* 21 U.S.C. § 841(b)(1)(B)(providing a sentence of 10 years to life for violations involving 5 grams or more of a substance containing cocaine base if committed after a prior felony drug conviction becomes final); 21 U.S.C. § 841(b)(1)(D)(providing a maximum sentence of 10 years for violations involving less than 50 kilograms of marijuana if committed after a prior felony conviction becomes final).

Third, in his motion for conditional release on his own recognizance, Williams requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive application of

the crack cocaine penalty reduction set forth in Amendment 706 to § 2D1.1 of the United States Sentencing Guidelines ("USSG").[7]

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction under the USSG amendment. Only those persons currently serving a sentence determined by a sentencing range calculated using the drug quantity table, USSG § 2D1.1, are potentially eligible.[8]

At the original sentencing hearing, Judge Howard announced two sentences: (1) a statutory sentence carrying 240 months' imprisonment and (2) a guidelines sentence carrying 375 months' imprisonment. Judge Howard ultimately imposed the statutory sentence, and entered the guidelines sentence as "an alternate sentence should the guidelines be deemed constitutional." Docket entry #156(Supplemental Statement of Reasons). From the bench, Judge Howard stated: "[A]s the Court has indicated, the guidelines are advisory only, not mandatory, and the court will simply set out the guidelines in the alternative in this action and proceed statutorily in imposing sanctions in these charges." Docket entry #162, Sent. Tr., at 769. Neither Williams nor the United States appealed the sentence imposed.[9]

---

[7]*See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[8]*See* 18 U.S.C. § 3582(c)(2)(providing that a court may modify a term of imprisonment based on a sentencing that has subsequently been lowered by the Sentencing Commission "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); *see also* U.S.S.G. § 1B1.10(b)(1)(Policy Statement)(providing that a court may substitute "only the amendments listed in subsection (c) for the corresponding guidelines provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected").

[9]On January 12, 2005, the Supreme Court handed down its opinion in *United States v. Booker*, 125 S. Ct. 738 (2005), holding that provisions of the United States Sentencing

Because Williams is serving a statutory sentence, he is not eligible for a sentence reduction under Amendment 706. Furthermore, Williams would receive no benefit from recalculation of the alternate guideline sentence, which was based on a total offense level of 38, a criminal history category of VI, and a guideline imprisonment range of 360 to life. Because Williams is a career offender convicted of an offense carrying a statutory maximum of life imprisonment,[10] a recalculated advisory guidelines range is 360 months to life, based on criminal offense level is 37 and a criminal history category of VI. *See* U.S.S.G. § 4B1.1.

**IV.**

IT IS THEREFORE ORDERED that Petitioner's motion tp vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for summary judgment (docket entry #237); motion for release on personal recognizance (docket entry #235); motion to preserve remaining issues (docket entry #236); motion for transcripts (docket entry #229); and

---

Guidelines violate the Sixth Amendment by requiring a judge to impose a sentence based on the judge's findings of fact, not facts found by a jury or admitted by the defendant. *Booker*, 125 S. Ct. at 749. The *Booker* Court further held that the constitutional portions of the guidelines could not be saved by severing them from those that violate the Sixth Amendment. *Booker*, 125 S. Ct. 757, 767. The Court declared the guidelines to be "effectively advisory" but stated that district courts must consult the Guidelines and take them into account when sentencing. *Id.*

In its brief submitted to the Eighth Circuit in response to Williams' appeal after remand and resentencing, the United States noted that it did not appeal Williams' original sentence because "it was thought that the Guidelines would be declared unconstitutional, and the remedy announced in *Booker* . . . was not anticipated." Brief for Appellee at 5, *United States v. Williams*, 237 F. Appx. 117 (8th Cir. 2007).

[10]*See* 21 U.S.C. § 841(b)(1)(B)(providing a sentence of 10 years to life for violations involving 5 grams or more of a substance containing cocaine base if committed after a prior felony drug conviction becomes final).

motion to compel (docket entry #225) are DENIED.[11]

IT IS SO ORDERED THIS 18TH DAY OF MARCH, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[11] Because the record conclusively shows that Williams is not entitled to relief under 28 U.S.C. 2255, these supplemental motions are moot.