**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VS. | NO: 4:03CR00153   SWW<br>NO: 4:07CV01186 SWW |
| ERIC LAMONT WILLIAMS | |

**ORDER**

By order entered March 18, 2008, the Court denied Defendant Eric Lamont Williams's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Now before the Court is Williams's motion for review of his sentence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (docket entry #257).  After careful consideration, and for the reasons that follow, the motion will be dismissed for failure to obtain authorization from the Eighth Circuit Court of Appeals to file a successive motion under § 2255.

The Eighth Circuit has instructed district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to determine whether the movant's allegations amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254.  See *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).  If it is determined that the motion is actually a second or successive habeas petition, it should be dismissed for failure to obtain authorization from the Court of Appeals or, in its discretion, the district court may transfer the purported Rule 60(b) motion to the Court of Appeals. "Depending on which course of action

the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals." *Id.*

In support of his motion, Williams claims that his sentence is the "unjust byproduct of statutory, constitutional and procedural errors and omissions that took place during his sentencing proceedings." Docket entry #257, at 4. He asks the Court to review the sentencing proceedings [1] to determine whether "statutory enhanced sanctions were invalid when rendered by misapplication of 21 U.S.C. § 851(a)(1), which without proper notice and proceedings, improperly increased . . . statutory punishment exposures." *Id.* Williams requests a determination of whether "pre-*Booker* adoption of an advisory guidelines sentence computation was unconstitutional under the Supreme Court's later ruling in *U.S. v. Booker*, when it resulted in sentencing enhancements in violation of the Sixth Amendment." *Id.* Finally, Williams alleges that it is evidence from the record that his counsel was ineffective for failing to protect him from

---

[1] On December 16, 2004, the late Honorable Judge George Howard, Jr. sentenced Williams to 120 months' imprisonment on each of two marijuana counts and 240 months' imprisonment on each of two crack cocaine counts, all terms of imprisonment to run concurrently. Judge Howard imposed statutory penalties based on the amounts alleged in the indictment and submitted to the jury. *See* 21 U.S.C. § 841(b)(1)(B)(providing a sentence of 10 years to life for violations involving 5 grams or more of a substance containing cocaine base if committed after a prior felony drug conviction becomes final); 21 U.S.C. § 841(b)(1)(D)(providing a maximum sentence of 10 years for violations involving less than 50 kilograms of marijuana if committed after a prior felony conviction becomes final). Judge Howard ultimately imposed the statutory sentence, but he entered "an alternate sentence should the guidelines be deemed constitutional." Docket entry #156(Supplemental Statement of Reasons).
    On appeal, the Eighth Circuit reversed Williams' conviction on a single marijuana count, Count 5, but affirmed the judgments of conviction with respect to the remaining three counts. On remand, Judge Howard vacated Williams' conviction on Count 5, reduced the special assessment imposed under the original sentence, and left the 240-month prison term intact.

the "statutory, constitutional, and procedural errors and omissions that occurred at his sentencing." *Id.*, at 5.

Federal Rule of Civil Procedure 60(b) permits the Court to grant relief from a final judgment on several grounds including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). However, Williams may not use Rule 60(b) to reassert prior claims or to raise new claims of error that could have been asserted in his original § 2255 motion. *See Tyler v. Purkett*, 413 F.3d 696, 701 (8th Cir.2005)(citing *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2647, 2648 n. 4, 2651(2005)).

The Court finds that Williams's motion for reconsideration is, in fact, a successive collateral attack upon his sentence because he raises new claims of error that could have been asserted in his original motion. IT IS THEREFORE ORDERED that Defendant Williams's motion for review of sentence (docket entry #257) is DENIED for failure to comply with 28 U.S.C. § 2244(b)(3)(A).

IT IS SO ORDERED THIS 5TH OF SEPTEMBER, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE