**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * * * * | |
| VS. | * * * * | NO: 4:03CR00153-01 SWW |
| ERIC LAMONT WILLIAMS | * * * | |

**ORDER**

Before the Court is Defendant Eric Lamont Williams' motion for a sentence reduction (docket entry #299) and the United States' response in opposition (docket entry #300). After careful consideration, and for reasons that follow, the motion is denied.

On September 13, 2004, a jury found Williams guilty of  conspiracy to possess with intent to distribute less than 50 kilograms of marijuana (Count 1); conspiracy to possess with intent to distribute more than 5 grams of crack cocaine (Count 2); aiding and abetting the possession with intent to distribute more than 5 grams of crack cocaine (Count 5); and aiding and abetting the possession with intent to distribute less than 50 kilograms of marijuana (Count 6).

On December 16, 2004, the late Honorable Judge George Howard, Jr. sentenced Williams to 120 months' imprisonment on each of two marijuana counts and 240 months' imprisonment on each of two crack cocaine counts, all terms of imprisonment to run concurrently. Judge Howard imposed statutory penalties based on the amounts alleged in the indictment and submitted to the jury.

On appeal, the Eighth Circuit reversed Williams' conviction on a single marijuana count, Count 5, but affirmed the judgments of conviction with respect to the remaining three counts. On remand, Judge Howard vacated Williams' conviction on Count 5, reduced the special assessment imposed under the original sentence, and left the 240-month prison term intact.

Now before the Court is Williams' motion for a sentence reduction pursuant to the Fair Sentencing Act of 2010 ("FSA"). The FSA changed the quantities of crack cocaine that trigger the five and ten year statutory mandatory minimum penalties. Now, first-time trafficking offenses involving less than 28 grams of crack cocaine are subject to a statutory penalty range of zero to 20 years' imprisonment. Williams contends that, pursuant to the *ex post facto* clause of the United States Constitution, the FSA must apply retroactively. Williams argues: "The statute substantially alters the consequences attached to [the] crime already completed, changing the quantum of punishment . . . and thus is a retrospective law which can be constitutionally applied to petitioner only if it is not to his detriment." Docket entry #299 at 5.

The Fair Sentencing Act does not apply retroactively, *see United States v. Williams*, 2011 WL 167073, *1 (8th Cir. January 20, 2011), and the *ex post facto* clause, which prohibits the retroactive imposition of a sentencing enhancement, and has no application here.

IT IS THEREFORE ORDERED that Williams' motion for a sentence reduction (docket entry #299) is DENIED.

IT IS SO ORDERED THIS 15TH DAY OF FEBRUARY, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE